Ex Parte DOLLIE J. HUFFSTETLER, Widow; CLYDE WALLEN and Wife, NANCY B. WALLEN; CHARLES R. JONES and Wife, MARJORIE R. JONES; and JAMES M. HUFFSTETLER, SAVILLA HUFFSTETLER, PEARL HUFFSTETLER, CLARA HUFFSTETLER, and K A N S A S HUFFSTETLER, the Last Named Five Being Infants, Appearing by Their Guardian, J. W. JACKSON.

(Filed 4 January, 1933.)

1. Partition A a—Fact that representative of minors in partition proceedings was designated as guardian held immaterial.

Where proceedings are instituted before the clerk of the Superior Court for the sale of lands held by the petitioners as tenants in common and for division of the proceeds, and all persons interested are made parties, the minor petitioners being represented by their uncle appointed by the court upon his finding that he was a suitable person: *Held,* the clerk had jurisdiction of both the subject-matter and the parties to the proceeding, and the fact that the uncle was designated as guardian *ad litem* instead of next friend is immaterial, he having acted in the capacity of next friend only. C. S., 450.

**2. Partition A b—Sale for partition held not void although order did not provide for disbursement, and minors' funds were paid to mother.**

Where an order confirming a sale of lands for partition does not provide for the disbursement of the funds, C. S., 2180, but the sale is made under order of the clerk of the Superior Court having jurisdiction of both the subject-matter and parties, the minor petitioners being represented by a person appointed by order of court, and the sale is made part for cash and part for purchase money notes, and the sum received in cash is properly paid into court and properly disbursed to the parties, the share of the minors therein being less than one hundred dollars and being paid to their mother for their benefit, C. S., 962: *Held*, the sale was not void, and a subsequent petition to set aside the sale is properly refused.

APPEAL by the infant petitioners from *Sink, J.,* at June Term, 1932, of BUNCOMBE. Affirmed.

The above entitled special proceeding was begun by a petition filed before the clerk of the Superior Court of Buncombe County, on 31 May, 1926.

It was alleged in the petition that the petitioner, Dollie J. Huffstetler, widow of W. T. Huffstetler, was entitled to dower in the land described in the petition; that the petitioners, other than the said Dollie J. Huffstetler, and Clyde Wallen and Charles R. Jones, were each entitled to an undivided one-seventh interest in said land; that the said petitioners, other than Nancy B. Wallen and Marjorie R. Jones, were each under the age of 21, and that the petitioner, J. W. Jackson, had been duly appointed by the court as guardian of said infant petitioners, and authorized to represent them in the proceeding; and that it was to the best interest of all the petitioners that the land described in the petition, which is located in the city of Asheville, and contains 1.74 acres, be sold for division.

In accordance with the prayer of the petition, an order was made by the clerk and approved by the judge of the Superior Court of Buncombe County, authorizing and directing the petitioner, J. W. Jackson, as guardian of the infant petitioners, to join with the other petitioners in the sale of the land to Charlotte P. Sealey, for the sum of $6,740, payable $1,000 in cash, and the balance in notes to be secured by a deed of trust. The land was sold and conveyed by deed executed by the adult petitioners and J. W. Jackson, as guardian for the infant petitioners, to Charlotte P. Sealey, who paid the sum of $1,000, in cash, and executed notes and deed of trust for the balance of the purchase price.

The sum of $1,000 was paid into the office of the clerk of the Superior Court, and disbursed by him in the payment of the costs of the proceeding, and of the shares of the petitioners in said sum. The sums due to the infant petitioners were paid by the clerk to their mother, with

whom they resided. The notes executed by Charlotte P. Sealey were not paid, and the deed of trust securing said notes was foreclosed. The land described in the petition, and sold and conveyed pursuant to the orders in the proceeding, is now owned by certain persons, who claim title to said land under said orders.

On 12 April, 1932, a petition was filed in the proceeding in behalf of the infant petitioners, by Marjorie R. Jones, who has since been appointed by the clerk of the Superior Court of Buncombe County as their general guardian, praying that the orders of sale be set aside and vacated, for the reason that said orders are void. After notice to the persons who now claim title to the land described in the petition under the said orders of sale, the petition was heard by Judge Sink, and on the facts found by him the prayer of the petition was denied.

From the order denying the prayer of their petition, the infant petitioners appealed to the Supreme Court.

*Zeb. V. Curtis and Braxton Miller for petitioners.*
*Alfred S. Barnard and Carter & Carter for respondents.*

CONNOR, J. The clerk of the Superior Court of Buncombe County had jurisdiction both of the subject-matter and of the parties to this proceeding.

The proceeding was instituted before the said clerk for the sale of the land described in the petition, and for the division of the proceeds of the sale among the petitioners according to their respective interests in the land.

The parties are the widow of W. T. Huffstetler, who was entitled to dower in the land, and his heirs at law, who owned the land as tenants in common, subject to the dower of the widow.

Certain of the tenants in common were infants, without general or testamentary guardian. For that reason, upon application duly made, their uncle, J. W. Jackson, who was found by the court to be a suitable person to represent said infants in the proceeding, was appointed as their guardian. He was not appointed general guardian of said infants, and did not purport to act as such in the proceeding. It would have been more regular if he had been designated in the proceeding as next friend, rather than as guardian, but as he did not undertake to represent said infants otherwise than as next friend, it is immaterial that he was designated as guardian and not as next friend. C. S., 450.

There was no provision in the order confirming the sale of the land, directing how the proceeds of said sale should be applied. C. S., 2180. However, the sum paid by the purchaser in cash, was paid into court,

and properly disbursed. The sum due to each of the infant petitioners, was paid by the clerk to his or her mother. This sum was less than $100.00. C. S., 962. It does not appear in the record what sums, if any, were collected on the purchase money notes. Whether or not any sums were collected on said notes, or what disposition was made of such sums as were collected, if any, does not affect the validity of the orders made in the proceeding. These orders were not void, and there was no error in the denial of the prayer of the petition that said orders be set aside and vacated. The order is

Affirmed.